# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT KIRKWOOD,<br><br>　　　　Petitioner,<br>　　vs.<br>TIM VIRGA, WARDEN,<br><br>　　　　Respondents. | Case No. CV 12-2779-MMM (DTB)<br><br>ORDER RE SUMMARY DISMISSAL<br>OF ACTION |

　　　Petitioner, a California state prisoner currently incarcerated at the California State Prison - Sacramento, located in Represa, California ("CSP-SAC"), purported to file a Petition for Writ of Habeas Corpus by a Person in State Custody ("Pet.") herein on March 30, 2012. Attached to the Petition was a Memorandum of Points and Authorities ("Pet. Mem.").

　　　From the face of the Petition, it does not appear that petitioner's claims are directed to the legality or duration of petitioner's current confinement, but instead, appear to concern the conditions of his confinement. Specifically, petitioner alleges that he was removed from general population and placed in administrative segregation ("Ad-Seg") pending an investigation of charges that he assaulted correctional officers, and that he was subsequently found not guilty of the charges. (Petition at 5, 5A.) Petitioner further alleges that, although he was ordered released from Ad-Seg on June

11, 2009, he was subsequently charged with conspiracy to distribute drugs and was retained in Ad-Seg. (Petition at 5A.) Thereafter, petitioner was found guilty of the second charge. (Id.) Insofar as the Court can glean, it appears that petitioner is alleging that prison officials retaliated against him for exercising his rights under the First Amendment. (See, e.g., Pet. Mem. at 1-4.) Claims such as these, which challenge the conditions, rather than the duration, of petitioner's confinement, may not properly be asserted in a habeas petition, or as part of a habeas petition. See 28 U.S.C. § 2254(a); see also Preiser v. Rodriguez, 411 U.S. 475, 498-500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). Rather, such claims must be asserted in a separate civil rights action.

      The Court does have discretion to construe petitioner's habeas petition as a civil rights complaint. See Wilwording v. Swenson, 404 U.S. 249, 251, 92 S. Ct. 407, 30 L. Ed. 2d 418 (1971); Hansen v. May, 502 F.2d 728, 729 (9th Cir. 1974). However, in this instance, the Court chooses not to exercise such discretion for the following reasons:

      First, petitioner has failed to make an adequate showing of indigency. The Prison Litigation Reform Act of 1995 (Public Law 104-134, 110 Stat. 1321) ("PLRA") amended 28 U.S.C. § 1915 to provide, *inter alia*, that all prisoners who file civil actions must pay the full amount of the filing fee, and that any prisoner seeking to file a complaint in a civil action without prepayment of fees must submit a completed Declaration in Support of Request to Proceed In Forma Pauperis. In addition, prisoners must submit a certified copy of their prison trust fund account statement for the 6-month period immediately preceding the filing of his/her complaint, obtained from the appropriate official of the prison at which the prisoner is confined. See 28 U.S.C. §§ 1915(a)(1)-(2), 1915(b)(1). Here, when petitioner submitted his "Petition" for filing, he failed to submit a certified copy of his trust account statement for the last six months.

///

1  Moreover, as the current action was not submitted on a civil rights complaint
2  form, certain critical information, such as the capacity in which the defendants are
3  named, and whether petitioner has exhausted his available administrative remedies,
4  is lacking.

5  Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United
6  States District Courts, IT THEREFORE IS ORDERED that this action be summarily
7  dismissed without prejudice. The Clerk is directed to send petitioner a blank Central
8  District civil rights complaint form, which petitioner is encouraged to utilize should
9  he desire to pursue this action.

10  LET JUDGMENT BE ENTERED ACCORDINGLY.

12  DATED: April 30, 2012

14  *[signature: Margaret M. Morrow]*
15  MARGARET M. MORROW
    UNITED STATES DISTRICT JUDGE

17  Presented by:
18  *[signature: David T. Bristow]*
19  David T. Bristow
    United States Magistrate Judge

3